# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

## CLARENCE R. CONGER, Appellant, v. JOHN TREADWAY, Respondent.

*Conveyance of land to ten persons "for the purpose of a cemetery or burying place for the dead, and for no other purpose" — right of the grantees and of purchasers from them — no title passes to a purchaser, but only a right, exclusive of all others, to bury upon the land— equity will enforce a parol contract where the purchaser has taken possession of the lot, buried members of his family in it and put up monuments.*

APPEAL from a judgment, entered in the office of the clerk of Rockland county on July 2, 1888, upon a verdict directed in favor of the defendant after a trial at the Rockland County Circuit, at which the exceptions were directed to be heard in the first instance at General Term, or on motion for a new trial on the minutes, at plaintiff's option, and also from an order denying a motion for a new trial made upon the minutes of the justice who presided at the trial, which was entered in the said clerk's office on July 9, 1888.

The action was in ejectment to recover from the defendant the possession of a burial plot located in and forming a part of lands known as Mount Repose Cemetery, at Haverstraw, N. Y. The defendant set up as a defense a contract of purchase of the lot made in 1867, a part payment of the purchase-price and occupation and possession thereof, under such purchase, for more than twenty years, and readiness at all times to complete the purchase.

The case shows that one De Noyells, being the owner of a lot of land containing some thirteen acres, conveyed ten-elevenths of the same to ten individuals, on the condition that the same was conveyed "for the purpose of a cemetery or burying place for the dead, and for no other purpose." The plaintiff became subsequently the owner by deed in partition, dated January 9, 1882, of all those portions of the lot "not sold or parted with before the date of said

deed." The defendant claims to have been a purchaser of the lot in question before plaintiff got his deed. The evidence shows that the associates in the title gave a power of attorney to sell plots to two of their number, John S. Gurnee and Isaiah Millburn, in April, 1884. The actor for the owners seemed at first to have been John S. Gurnee, and when he became incapacitated by ill-health one Richard T. Blanch " acted, in reference to the sale of plots and the management of the cemetery," for " eight or ten years up to the time of his death." Blanch sold plots and collected money for plots; he made repairs. The cemetery was not incorporated, and no written power seems to have been given by the owners to Blanch. In April, 1867, the defendant made a contract with John S. Gurnee for the purchase of plot 192, which includes the lands in question. " He told me what lot to take." The deed was to be ready in two or three weeks. The defendant began to bury his dead in the lot about three weeks after this agreement, and now has a son and daughter and four or five grandchildren buried in the lot. In November, 1869, the defendant paid Blanch, as part payment for the lot, thirty dollars and forty-seven cents. Blanch said he could not give a deed but could give a receipt; the defendant wanted his deed and was ready and offered to pay the whole of the purchase-money. Blanch told the defendant "it must be fixed differently very shortly." Nothing further was ever done; no deed has ever been tendered, and in June, 1887, the defendant tendered the present owner of the land the balance and asked for the deed.

The court at General Term said: " The plaintiff has no claim to the possession of the land involved in this action to the exclusion of the defendant's rights of burial there. No title to the land itself will pass to the defendant by deed so-called. The owner will still remain owner and the defendant will have a right, exclusive of all others, to bury upon it. (*Buffalo City Cemetery* v. *City of Buffalo*, 46 N. Y., 503.) No formal deed was necessary as if to convey the fee; exclusive permission to bury in it was all that was needed. If a deed was necessary, power was given by parol and burials were made in the lot with the knowledge and assent of the joint-owners. Monuments were put up and the lot has been constantly beautified by the defendant since the purchase of the right by him. Equity will enforce such a contract, even for the sale of land where it has

been partly performed; but only permission to bury in the plot was needed, and that was fully proven.

"The exception should be overruled and judgment rendered for the defendant upon the verdict, with costs."

*Seaman & Conger,* for the appellant.

*George W. Weiant,* for the respondent.

Opinion by Barnard, P. J.; Pratt, J., concurred.

Judgment and order denying new trial affirmed, with costs.